# Keene *versus* The Borough of Bristol.

The Act of Assembly of the 18th February, 1853, authorizing the burgess and town council of the borough of Bristol to lay out and construct streets in said borough is constitutional.

Where the power of taxation in a municipal corporation is so limited, as to be inadequate, to pay the damages occasioned by the laying out of a street *within a reasonable time*, this court will restrain by injunction the opening of such street until security for compensation be given.

This was a bill in equity filed in the Supreme Court, in the Middle District, at May Term, 1856, by Sarah L. Keene, of the city of Philadelphia, against the Burgess and Council of the Incorporated Borough of Bristol, in the county of Bucks.

The bill set forth at length, and with particularity, that the complainant is the owner of certain lots in the borough of Bristol, and that there is erected on the premises a large and expensive dwelling-house, the summer residence of the complainant, that the premises are of the value of twenty thousand dollars, and that she had expended large sums of money for valuable improvements in and about the premises. That the borough of Bristol was incorporated in the year 1720, by letters patent, and that the charter was amended by an act of the General Assembly, passed in the year 1851, and further amended by another act passed on the 18th day of April, 1853. That under the supposed and pretended authority of the last-mentioned act, the burgess and council of the borough did, on the 26th day of May, 1855, pass a certain ordinance, by which it was enacted, among other things, that Dorrance street, fifty feet in width, shall be and is hereby laid out and extended through land of Sarah Keen, to Radcliff street," &c.

The bill alleged, that by the laying out, opening, and grading of the street through her grounds and premises, the property

would be greatly spoiled and lessened in value, and irreparably injure the same, and render it unfit for a summer residence, for which it has been and is intended to be used by the complainant.

The bill also charged that the corporate authorities had no right or power in law to lay out and open the street in the manner in which they were attempting to do, and that the Acts of Assembly which purported to confer such power and right upon the borough authorities were unconstitutional and void, and prayed the court so to declare and decree.

And that the acts in question made no provision for compensation for land taken and injury done in the opening of such streets, but directed "that the damages for said streets shall be paid by the burgess and council out of the funds of said borough." That by the acts before recited the corporate authorities of Bristol have power only to assess, levy, and collect a tax of thirty cents on the one hundred dollars of the property within said borough, for defraying the ordinary expenses, which for some object of general utility may be increased only by a meeting of the qualified voters of the borough, if two-thirds of the qualified electors voting at such meeting shall so direct, to a sum not exceeding sixty cents on one hundred dollars.

It was also alleged that the tax of thirty cents on one hundred dollars of the taxable property of the borough was only sufficient to meet the ordinary expenses of the borough, and that there was no provision, either in the funds of the borough or in the power of taxation possessed by the municipal authorities, from which she could be compensated for the threatened damages to her property.

The complainant prayed therefore for an injunction to restrain the defendants from entering upon and taking possession of the lands and premises, and from laying out, opening, and grading said street through her lands.

*C. B. Penrose* and *H. E. Keene*, for complainant.

*John M. Read*, for respondents.

The opinion of the court was delivered by

KNOX, J.—The complainant has filed a bill in this court to enjoin the defendants from opening a street through her lands in the borough of Bristol. The motion now before us is for a preliminary injunction; and all that is necessary for us to say at this stage of the case is, that the argument has failed to convince us that the act of 18th February, 1853, which authorizes the burgess and town council of the borough of Bristol to lay out and construct streets in said borough, is unconstitutional.

Ordinarily the power of taxation which is given to municipal corporations is adequate security to the citizen for his property

[Keene *v.* The Borough of Bristol.]

which may be taken in opening streets for public use. No other . security need be required in the act of the General Assembly giving the corporate authorities power to open streets. Where, however, it is clearly shown that the power of taxation is inadequate within a reasonable time to pay the damages likely to be occasioned, we have no doubt that it is the right and duty of this court to interfere, when properly called upon, and prevent the property from being taken or the damages from being done, until adequate security is given. The present is a case which requires such interference. The power of taxation in the borough of Bristol is so limited that the amount of damages likely to be occasioned to the complainant's land in all probability could not be paid out of the public treasury of said borough within any reasonable time. To make the complainant perfectly safe, we will not allow the street to be opened through her lands, until the bond of the borough with one sufficient surety in the penal sum of five thousand dollars be given, as mentioned in the annexed'

ORDER.—And now, July 16th, 1856, it is ordered that the burgess, town council, and street commissioner of the borough of Bristol, in the county of Bucks, their servants and workmen, be enjoined from entering upon and taking possession of the lands and premises, or any part thereof, of Sarah L. Keene, in the borough aforesaid, and from laying out, opening, and grading a street called Dorrance street, through said lands and premises, until the said burgess and town council shall give a bond with one surety, to be approved of by a member of this court, in the penal sum of five thousand dollars, conditioned to pay to Sarah L. Keene all the damages which may be adjudged to her by reason of the laying out and opening said street through her lands and premises.

Said bond, after being approved of as aforesaid, to be tendered to the complainant, and if not accepted by her to be filed amongst the records of the Court of Nisi Prius at the city of Philadelphia, to which court the record of this case is remitted for further proceedings according to law.

This special injunction not to issue until the complainant shall give her bond with sufficient sureties, to be approved of by one of the judges of this court in the penal sum of five hundred dollars, conditioned to indemnify the defendants for all damages that may be sustained by reason of this injunction.